

#360

**FILED**

NOV 05 2009

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

ALICE J. NEUEN and
LAWRENCE L. NEUEN, h/w
9661 Old Rt. 22
Bethel, PA 19507

v.

PRIMECARE MEDICAL, INC.
3940 Locust Lane
Harrisburg, Pennsylvania 17109
and
PAULA DILLMAN-McGOWAN, CRNP
246 South Lehigh Avenue Rear
Frackville, Pennsylvania 17931
and
MILDRED KARANJA, LPN
c/o Primecare Medical, Inc.
3940 Locust Lane
Harrisburg, Pennsylvania 17109
and
FAY OXENREIDER, LPN
2519 McKinley Ave
West Lawn, PA 19609-2135
and
BERKS COUNTY
633 Court Street
Reading, PA 19601
and
BERKS COUNTY PRISON
1287 County Welfare Road
Leesport, PA 19533
and
SERGEANT J. FRANKLIN, *individually
and in his official capacity*
c/o Berks County Prison
1287 County Welfare Road
Leesport, PA 19533

No. 09-CV-_____

09    5090

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff, Alice J. Neuen, brings this civil rights action pursuant to 42 U.S.C. §1983 for deliberate indifference to her serious medical needs while incarcerated at the Berks County Prison. Plaintiff also brings this action for violation of the American with Disabilities Act ("the ADA"), 42 U.S.C. §12101 et seq. and section 504 of the Rehabilitation Act, 29 U.S.C. §794, for negligence pursuant to the Political Subdivision Tort Claims Act and for medical negligence pursuant the laws of the Commonwealth of Pennsylvania. Plaintiff, Lawrence L. Neuen, brings a claim for loss of consortium.

I.   **PARTIES**

1.      Plaintiffs, Alice J. Neuen and Lawrence L. Neuen, wife and husband, are citizens and residents of the Commonwealth of Pennsylvania, residing therein at 9661 Old Rt. 22, Bethel. PA 19507.

2.      At all times relevant hereto, Defendant, PrimeCare Medical, Inc. ("PrimeCare"), was a privately-owned Professional Corporation, incorporated under the laws of Pennsylvania, providing healthcare to correctional facilities, with a registered office and place of business located at 3940 Locust Lane, Harrisburg, PA 17109.

3.      At all times relevant hereto, PrimeCare was under contract with Berks County Prison, acting under color of state law to provide on-site healthcare services to inmates, including Plaintiff Alice Neuen, in the Berks County Prison.

4.      At all times relevant hereto, Defendant Paula Dillman-McGowan, CRNP was a citizen and resident of Pennsylvania and an employee of PrimeCare, assigned to work at the Berks County Prison.

-2-

5.     At all times relevant hereto, Mildred Karanja, LPN, was  a citizen and resident of Pennsylvania and an employee of PrimeCare, assigned to work at the Berks County Prison.

6.     At all times relevant hereto, Fay Oxenreider, LPN, was  a citizen and resident of Pennsylvania and an employee of PrimeCare, assigned to work at the Berks County Prison.

7.     Plaintiffs are asserting civil rights and professional liability claims against defendants Paula Dillman-McGowan, CRNP, Mildred Karanja, LPN, Fay Oxenreider, LPN, and PrimeCare Medical, Inc.  To the extent the Pennsylvania Rules of Civil Procedure may apply to this case, Certificates of Merit as to each of these defendants are attached hereto as Exhibit "A".

8.     At all times relevant hereto, Berks County was a political subdivision of the Commonwealth of Pennsylvania. Funds from the County were used to operate the Berks County Prison, to employ and compensate prison staff, and to assure that the prison remained in compliance with federal and state laws.

9.     At all times relevant hereto, Berks County Prison was a duly authorized correctional institution for the County of Berks, acting under the color of state law, with a business address of 1287 County Welfare Road, Leesport, PA 19533.

10.    At all times relevant hereto, Sergeant J. Franklin was a citizen and resident of Pennsylvania and a correctional officer at Berks County Prison. He is sued individually and in his official capacity.


II.    **JURISDICTION AND VENUE**

11.    Jurisdiction in this Court derives from 28 U.S.C. §§ 1331, 1343, and 1367.

-3-

12.     Venue is proper in the United States District Court for the Eastern District of Pennsylvania under 28 U.S.C. § 1391 because the events giving rise to Plaintiffs' claims occurred in this District.

## III.   FACTS

13.     In October of 2007, Alice J. Neuen came under the care of Robert A. Brigham, M.D., Chairman of the Department of Surgery at Reading Hospital and Medical Center, Chief of Vascular Surgery. Dr. Brigham evaluated Mrs. Neuen for lower extremity arterial insufficiency, noting that she had a number of vascular risk factors, including diabetes mellitus, hypertension, hyperlipidemia and morbid obesity.

14.     In the ensuing months, Mrs. Neuen's lower extremity arterial insufficiency progressed, she developed a non-healing ulcer on her right great toe, and Dr. Brigham concluded that Mrs. Neuen faced a limb-threatening situation that required revascularization surgery on her right leg.

15.     On April 1, 2008, Dr. Brigham performed a right femoral to popliteal artery bypass graft at Reading Hospital.

16.     At a follow-up examination on April 14, 2008, Dr. Brigham noted that Mrs. Neuen had developed some increasing numbness and coolness in her left foot with dependent rubor and pallor with elevation of her left foot. He advised Mrs. Neuen that she would likely require revascularization surgery on her left leg and scheduled an appointment for Mrs. Neuen on April 21, 2008.

17.     On April 18, 2008, the Honorable Paul M. Yatron of the Berks County Court of

-4-

Common Pleas imposed upon Alice J. Neuen a sentence of 364 days to 23 months incarceration in the Berks County Prison and Mrs. Neuen was immediately taken into custody.

18.     Mrs. Neuen arrived at the Berks County Prison in a wheel chair. She immediately advised PrimeCare employees on April 18, 2008, that she recently had bypass surgery on her right leg, that she was under the care of Dr. Brigham at Reading Vascular Surgical Specialists, that she had an appointment with Dr. Brigham on Monday, April 21, 2008, for evaluation of her left leg, that she was an insulin dependent diabetic and that she had hypertension. Mrs. Neuen was placed in a cell on the medical wing of the prison known as the "N-Unit."

19.     No PrimeCare employee, physician or nurse performed a physical examination of Mrs. Neuen on April 18, April 19, or April 20, 2008.

20.     No PrimeCare employee, physician or nurse made arrangements for Mrs. Neuen to be transported to Reading Hospital for her appointment with Dr. Brigham on April 21, 2008.

21.     On April 21, 2008, Paula Dillman-McGowan, CRNP, performed a physical examination of Mrs. Neuen. Nurse Dillman-McGowan was unable to palpate or auscultate a pulse in Mrs. Neuen's left foot. Nurse Dillman-McGowan also noted left foot rubor, left foot erythema, and that the left foot was cool to touch.

22.     On April 21, 2008, Mrs. Neuen told Nurse Dillman-McGowan that she was supposed to see Dr. Brigham on that date, that she had a circulatory problem in her left leg, and that she was concerned because her foot was red and painful. Nurse Dillman-McGowan assured Mrs. Neuen that she would call Dr. Brigham's office to reschedule the appointment.

23.     Nurse Dillman-McGowan did not call Dr. Brigham's office on April 21, 2008, to reschedule Mrs. Neuen's appointment.

-5-

24.     Nurse Dillman-McGowan ignored the medical emergency presented by the condition of Mrs. Neuen's left foot.

25.     Nurse Dillman-McGowan failed to take any action to notify a PrimeCare physician about Mrs. Neuen's serious medical condition on April 21, 2008, or to have Mrs. Neuen examined immediately by a PrimeCare physician.

26.     On April 23, 2008, Nurse Dillman-McGowan noted in the PrimeCare medical chart that Mrs. Neuen had reported severe burning pain in her left foot, but took no further action to get immediate medical attention for Mrs. Neuen's serious medical condition.

27.     Between April 23, 2008 and April 29, 2008, Mrs. Neuen repeatedly advised third shift nurse Mildred Karanja that she had severe pain in her left foot, that the toes on her left foot and the top of her left foot were getting redder and darker, and that she needed to see her vascular surgeon immediately.

28.     Nurse Karanja acknowledged that Mrs. Neuen's foot felt cold to the touch and that it was changing color, but ignored the medical emergency presented by the condition of Mrs. Neuen's left foot and failed to take any action to notify a PrimeCare physician about Mrs. Neuen's serious medical condition, to have Mrs. Neuen examined immediately by a PrimeCare physician, or to contact Mrs. Neuen's treating vascular surgeon.

29.     Between April 23, 2008 and April 29, 2008, Mrs. Neuen repeatedly advised second shift nurse Fay Oxenreider, LPN, that she had severe pain in her left foot, that the toes on her left foot and the top of her left foot were getting redder and darker, and that she needed to see her vascular surgeon immediately.

30.     Nurse Oxenreider completed a wound identification record, which both she and Mrs.

-6-

Neuen signed, clearly indicating the presence of a wound and/or discoloration of the toes on Mrs. Neuen's left foot and the top of Mrs. Neuen's left foot Mrs. Neuen.

31.    Nurse Oxenreider acknowledged that Mrs. Neuen's foot felt cold to the touch and that it was changing color, but ignored the medical emergency presented by the condition of Mrs. Neuen's left foot and failed to take any action to notify a PrimeCare physician about Mrs. Neuen's serious medical condition, to have Mrs. Neuen examined immediately by a PrimeCare physician, or to contact Mrs. Neuen's treating vascular surgeon.

32.    On April 30, 2008, Victoria Gessner, M.D. examined Mrs. Neuen for the first time, recognized that the condition of Mrs. Neuen's foot presented a medical emergency and arranged for her transfer to Reading Hospital.

33.    Berks County Prison guards kept Mrs. Neuen's ankles shackled at the direction of Sergeant J. Franklin, who had actual knowledge that Mrs. Neuen was hospitalized for a circulatory emergency. When a nurse at Reading Hospital called to tell Sergeant Franklin that Dr. Brigham was upset because the shackles may have been impeding circulation to Mrs. Neuen's feet, Sergeant Franklin told the nurse that Mrs. Neuen would remain shackled "until the unfortunate time her feet are amputated."

34.    Dr. Brigham performed a left femoral to peroneal artery bypass graft but was unable to save Mrs. Neuen's left foot. On May 12, 2008, Mrs. Neuen underwent a left below-knee amputation.

35.    Following a period of rehabilitation at Reading Hospital, Mrs. Neuen was returned to the Berks County Prison and placed in a cell on the N-Unit.

36.    Because the cell was not equipped to accommodate Mrs. Neuen's disability, and

-7-

because Berks County Prison refused to allow Mrs. Neuen to use a walker in her cell, she fell on multiple occasions while making transfers and while attempting to dress herself, causing injury to the amputation stump of her left leg.

37.     Dr. Brigham examined Mrs. Neuen on June 16, 2008, and noted that since being returned to prison, Mrs. Neuen had fallen on a number of occasions suffering trauma to her left below-knee amputation stump, which was draining serosanguinous fluid. He prescribed an antibiotic to treat the wound infection and wrote a letter to Dr. Gessner at the Berks County Prison advising that "The protection being provided at the prison clearly is not adequate and may lead to the need for future surgery."

38.     Dr. Brigham examined Mrs. Neuen on July 11, 2008, and re-admitted her to Reading Hospital for intravenous antibiotic treatment of an infection, noting in a letter to Dr. Gessner at the Berks County Prison that there was "erythema on the distal end of her stump, once again, from another fall at the prison." Dr. Brigham noted further that "It is obvious she needs closer observation and care and I have decided to admit her to the hospital."

39.     On July 25, 2008, Dr. Brigham had to take Mrs. Neuen back to the operating room for wound debridement necessitated by injury to the left leg stump sustained when Mrs. Neuen fell in the prison cell due to the lack of accommodation for her disability.

40.     Mrs. Neuen was released from the Berks County Prison on October 18, 2008.

41.     As a result of defendants' conduct, Mrs. Neuen has suffered severe and permanent physical pain, disability, disfigurement, suffering and mental anguish, and will continue to suffer same for the rest of her life.

42.     As a further result of defendants' conduct, Mrs. Neuen has suffered a loss of earnings

-8-

and earnings capacity.

43.     As a further result of defendants' conduct, Mrs. Neuen has undergone and will continue to require physical and rehabilitative treatment.

44.     As a further result of defendants' conduct, Mrs. Neuen will be obliged to expend sums of money for medication, medical treatment, rehabilitation and care.

45.     As a further result of defendants' conduct, Mrs. Neuen has suffered and will continue to suffer through the balance of her lifetime a compromise of her normal lifestyle and ability to carry out normal activities of daily living.

## COUNT I - CIVIL RIGHTS

### ALICE J. NEUEN
v.
### PAULA DILLMAN-MCGOWAN, CRNP, MILDRED KARANJA, LPN,
### FAY OXENREIDER, LPN and SERGEANT J. FRANKLIN

46.     Plaintiff incorporates by reference Paragraphs 1 through 45, above, as if fully set forth at length.

47.     The conduct of Defendants, Paula Dillman-McGowan, CRNP, Mildred Karanja, LPN, Fay Oxenreider, LPN, and Sergeant J. Franklin, who were acting under color of state law, constitutes deliberate indifference to the serious medical needs of Plaintiff, Alice J. Neuen, and has caused Plaintiff unnecessary and avoidable physical pain and other damages and injuries as stated above.

48.     The conduct of Defendants, Paula Dillman-McGowan, CRNP, Mildred Karanja, LPN, Fay Oxenreider, LPN, and Sergeant J. Franklin, constitutes cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution, made applicable to the States by the Fourteenth Amendment of the United States Constitution, and has caused Plaintiff

-9-

unnecessary and avoidable physical pain and other damages and injuries as stated above.

49.     Plaintiff is entitled to relief pursuant to 42 U.S.C. §1983.

## COUNT II - CIVIL RIGHTS

### ALICE J. NEUEN
v.
### PRIMECARE MEDICAL, INC.

50.     Plaintiff incorporates by reference Paragraphs 1 through 49, above, as if fully set forth at length.

51.     The policies and/or customs of Defendant, PrimeCare Medical, Inc., which failed to require its prison healthcare employees to take affirmative action when notified by a new inmate of an existing appointment with a physician outside the prison for treatment of a serious medical condition, constitutes deliberate indifference to the serious medical needs of inmates such as Plaintiff, Alice J. Neuen, and therefore constitutes a violation of Plaintiff's constitutional rights.

52.     The failure of Defendant, PrimeCare Medical, Inc., to promulgate and/or enforce a policy that requires its prison healthcare employees to take a complete medical history and to perform a physical exam on the same day a new inmate is incarcerated in the medical wing of the Berks County Prison, known as the "N-Unit," constitutes deliberate indifference to the serious medical needs of inmates such as Plaintiff, Alice J. Neuen, and therefore constitutes a violation of Plaintiff's constitutional rights.

53.     The policy and/or custom of Defendant, PrimeCare Medical, Inc., which required guards to shackle the legs of a hospitalized inmate regardless of the medical consequences, including impairment of circulation to the inmate's feet,  constitutes deliberate indifference to the serious

-10-

medical needs of inmates such as Plaintiff, Alice J. Neuen, and therefore constitutes a violation of Plaintiff's constitutional rights.

54.     The policies and/or customs of Defendant, PrimeCare Medical, Inc., which did not require its  prison healthcare employees to take affirmative action when confronted with the signs and symptoms of a circulatory emergency in the extremity of a new inmate, constitute deliberate indifference to the serious medical needs of inmates such as Plaintiff, Alice J. Neuen, and therefore constitutes a violation of Plaintiff's constitutional rights.

55.     Defendant's deliberate indifference constitutes cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution, made applicable to the States by the Fourteenth Amendment of the United States Constitution, and has caused Plaintiff unnecessary and avoidable physical pain and other damages and injuries as stated above.

56.     Plaintiff is entitled to relief pursuant to 42 U.S.C. §1983.

## COUNT III - MEDICAL NEGLIGENCE
### ALICE J. NEUEN
v.
**PAULA DILLMAN-MCGOWAN, CRNP and MILDRED KARANJA, LPN,
and FAY OXENREIDER, LPN and PRIMECARE MEDICAL, INC.**

57.     Plaintiff incorporates by reference Paragraphs 1 through 56, above, as if fully set forth at length.

58.     Defendants, Paula Dillman-McGowan, CRNP, Mildred Karanja, LPN, and Fay Oxenreider, LPN, are liable to Plaintiff for the injuries and damages caused by their negligence, recklessness and/or deliberate indifference to Alice Neuen's serious medical needs, including:

1.      ignoring the medical emergency presented by the condition of Mrs. Neuen's

-11-

left foot from April 21, 2008 through April 29, 2008;

2.       failing to notify a PrimeCare physician about Mrs. Neuen's serious medical condition from April 21, 2008 through April 29, 2008;

3.       failing to arrange for Mrs. Neuen's transfer to Reading Hospital on April 21, 2008, for her appointment with treating vascular surgeon, Robert A. Brigham, M.D. or to reschedule that appointment;

4.       failing to consult with Dr. Brigham from April 21, 2008 through April 29, 2008;

5.       failing to recognize the signs and symptoms of vascular insufficiency and the loss of circulation in Mrs. Neuen's left foot and failing to take necessary steps to address that medical emergency;

6.       failing to appreciate the significance of Mrs. Neuen's medical history and vascular risk factors, including the fact that she was an insulin dependent diabetic, that she had hypertension, that she had recent bypass surgery on the right leg, and that she was under the care of a vascular surgeon for developing problems in the left leg.

7.       failing to appreciate the fact that the delay in treatment of Mrs. Neuen's left foot, from April 21, 2008 to April 30, 2008, decreased the likelihood that bypass surgery would be successful and increased the risk that amputation of the left leg would be medically necessary.

59.    As a result of Defendants' medical negligence, Mrs. Neuen sustained injuries and damages, including left below-knee amputation, as set forth herein.

-12-

60.     At all times relevant hereto, defendants, Paula Dillman-McGowan, CRNP, Mildred Karanja, LPN, and Fay Oxenreider, LPN, were employees, servants, agents and/or ostensible agents of Defendant, PrimeCare Medical, Inc., which is vicariously liable for each of their acts and omissions.

## COUNT IV - FEDERAL STATUTORY VIOLATIONS
### ALICE J. NEUEN
#### v.
### BERKS COUNTY and BERKS COUNTY PRISON

61.     Plaintiff incorporates by reference Paragraphs 1 through 60, above, as if fully set forth at length.

62.     Defendants failed to provide necessary and proper accommodations for Plaintiff's disability in violation of Title II and Title III of the Americans with Disabilities Act, 42 U.S.C. §12101 et seq., and section 504 of the Rehabilitation Act, 29 U.S.C. §794, causing her to fall on multiple occasions and to sustain further bodily injury.

## COUNT V - POLITICAL SUBDIVISION TORT CLAIMS ACT
### ALICE J. NEUEN
#### v.
### BERKS COUNTY and BERKS COUNTY PRISON

63.     Plaintiff incorporates by reference Paragraphs 1 through 62, above, as if fully set forth at length.

64.     Defendants, Berks County and the Berks County Prison, failed to provide handlebars, grab bars or any form of permanently attached support to enable Mrs. Neuen to make safe transfers from the bed to the toilet, from the toilet to the bed, and while attempting to dress herself.

-13-

65.     The failure to provide adequate support and fall protection in the form of permanently attached bars within the cell caused Mrs. Neuen to fall and to sustain personal injury and permanent loss of bodily function. Specifically, as a result of falling in her cell, Mrs. Neuen's amputated leg did not heal properly and cannot be properly fitted for a prosthetic device.

### COUNT VI - LOSS OF CONSORTIUM
### LAWRENCE L. NEUEN
### v.
### ALL DEFENDANTS

66.     Plaintiff incorporates by reference Paragraphs 1 through 65, above, as if fully set forth at length.

67.     At all times pertinent hereto, Plaintiff, Lawrence L. Neuen, was the lawful husband of Alice Neuen.

68.     As a result of the acts and omissions of the defendants as set forth herein, Plaintiff, Lawrence L. Neuen, suffered and continues to suffer the loss of the aid, assistance, society, companionship and consortium of his wife, Alice Neuen.

**WHEREFORE,** Plaintiffs demand judgment in their favor and against all defendants, jointly and severally, for a sum in excess of the jurisdictional limits for arbitration, together with reasonable attorneys' fees, costs and interest.

**FELDMAN, SHEPHERD, WOHLGELERNTER, TANNER, WEINSTOCK & DODIG**

PETER M. NEWMAN
Attorney I.D. No. PA 66426
Validation of Signature Code PMN3499
1845 Walnut Street, 25th Floor
Philadelphia, PA 19103
215-567-8300

Date:   November 5, 2009

-14-

# Exhibit "A"

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

ALICE J. NEUEN and                                No. 09-CV-_____
LAWRENCE L. NEUEN, h/w
              v.
PRIMECARE MEDICAL, INC.,                          JURY TRIAL DEMANDED
PAULA DILLMAN-McGOWAN, CRNP,
MILDRED KARANJA, LPN,
FAY OXENREIDER, LPN,
BERKS COUNTY,
BERKS COUNTY PRISON,
SERGEANT J. FRANKLIN

### CERTIFICATE OF MERIT AS TO PAULA DILLMAN-McGOWAN, CRNP

I, <u>Peter M. Newman, Esquire,</u> certify that:
   (Attorney or Party)

■     an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by this defendant in the treatment, practice or work that is the subject of the Complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm;

OR

☐     the claim that this defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard and an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by the other licensed professionals in the treatment, practice or work that is the subject of the Complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm;

OR

☐     expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim against this defendant.

Date:   <u>November 5, 2009</u>        _____

                                       PETER M. NEWMAN
                                       Attorney for Plaintiffs

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

ALICE J. NEUEN and                                     No. 09-CV-_____
LAWRENCE L. NEUEN, h/w
                    v.
PRIMECARE MEDICAL, INC.,                               JURY TRIAL DEMANDED
PAULA DILLMAN-McGOWAN, CRNP,
MILDRED KARANJA, LPN,
FAY OXENREIDER, LPN,
BERKS COUNTY,
BERKS COUNTY PRISON,
SERGEANT J. FRANKLIN

### CERTIFICATE OF MERIT AS TO MILDRED KARANJA, LPN

I, Peter M. Newman, Esquire, certify that:
    (Attorney or Party)


■      an appropriate licensed professional has supplied a written statement to the undersigned
that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by this
defendant in the treatment, practice or work that is the subject of the Complaint, fell outside
acceptable professional standards and that such conduct was a cause in bringing about the harm;

OR


☐      the claim that this defendant deviated from an acceptable professional standard is based
solely on allegations that other licensed professionals for whom this defendant is responsible
deviated from an acceptable professional standard and an appropriate licensed professional has
supplied a written statement to the undersigned that there is a basis to conclude that the care, skill
or knowledge exercised or exhibited by the other licensed professionals in the treatment, practice
or work that is the subject of the Complaint, fell outside acceptable professional standards and
that such conduct was a cause in bringing about the harm;

OR


☐      expert testimony of an appropriate licensed professional is unnecessary for prosecution of
the claim against this defendant.


Date:   November 5, 2009                    _____
                                            PETER M. NEWMAN
                                            Attorney for Plaintiffs

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

ALICE J. NEUEN and                              No. 09-CV-_____
LAWRENCE L. NEUEN, h/w
           v.
PRIMECARE MEDICAL, INC.,                        JURY TRIAL DEMANDED
PAULA DILLMAN-McGOWAN, CRNP,
MILDRED KARANJA, LPN,
FAY OXENREIDER, LPN,
BERKS COUNTY,
BERKS COUNTY PRISON,
SERGEANT J. FRANKLIN

## CERTIFICATE OF MERIT AS TO FAY OXENREIDER, LPN

I, Peter M. Newman, Esquire, certify that:
   (Attorney or Party)


■     an appropriate licensed professional has supplied a written statement to the undersigned
that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by this
defendant in the treatment, practice or work that is the subject of the Complaint, fell outside
acceptable professional standards and that such conduct was a cause in bringing about the harm;


OR


☐     the claim that this defendant deviated from an acceptable professional standard is based
solely on allegations that other licensed professionals for whom this defendant is responsible
deviated from an acceptable professional standard and an appropriate licensed professional has
supplied a written statement to the undersigned that there is a basis to conclude that the care, skill
or knowledge exercised or exhibited by the other licensed professionals in the treatment, practice
or work that is the subject of the Complaint, fell outside acceptable professional standards and
that such conduct was a cause in bringing about the harm;


OR


☐     expert testimony of an appropriate licensed professional is unnecessary for prosecution of
the claim against this defendant.


Date:   November 5, 2009                        _____
                                                PETER M. NEWMAN
                                                Attorney for Plaintiffs

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

ALICE J. NEUEN and                                      No. 09-CV-_____
LAWRENCE L. NEUEN, h/w
                    v.
PRIMECARE MEDICAL, INC.,                                JURY TRIAL DEMANDED
PAULA DILLMAN-McGOWAN, CRNP,
MILDRED KARANJA, LPN,
FAY OXENREIDER, LPN,
BERKS COUNTY,
BERKS COUNTY PRISON,
SERGEANT J. FRANKLIN

### CERTIFICATE OF MERIT AS TO PRIMECARE MEDICAL, INC.

I, <u>Peter M. Newman, Esquire</u>, certify that:
   (Attorney or Party)


☐      an appropriate licensed professional has supplied a written statement to the undersigned
that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by this
defendant in the treatment, practice or work that is the subject of the Complaint, fell outside
acceptable professional standards and that such conduct was a cause in bringing about the harm;


OR


■      the claim that this defendant deviated from an acceptable professional standard is based
solely on allegations that other licensed professionals for whom this defendant is responsible
deviated from an acceptable professional standard and an appropriate licensed professional has
supplied a written statement to the undersigned that there is a basis to conclude that the care, skill
or knowledge exercised or exhibited by the other licensed professionals in the treatment, practice
or work that is the subject of the Complaint, fell outside acceptable professional standards and
that such conduct was a cause in bringing about the harm;


OR


☐      expert testimony of an appropriate licensed professional is unnecessary for prosecution of
the claim against this defendant.


Date:  <u>November 5, 2009</u>                _____
                                            PETER M. NEWMAN
                                            Attorney for Plaintiffs