UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

ALICE J. NEUEN and                                    No. 09-cv-5090-LAS
LAWRENCE L. NEUEN, h/w
                    Plaintiffs

        v.

PRIMECARE MEDICAL, INC.,
PAULA DILLMAN-McGOWAN, CRNP,
and
FAY OXENREIDER, LPN,
                    Defendants

## ORDER

        AND NOW, this                day of June, 2011, upon consideration of Plaintiffs' Motion

to Enforce Settlement and for Attorneys' Fees, and any response thereto, it is ORDERED and

DECREED that Plaintiffs' Motion is GRANTED. Defendants shall, within 10 days, tender to

Plaintiffs' counsel a settlement draft in the amount of $850,000.00 pursuant to the settlement

agreement reached on April 28, 2011, and shall tender to Plaintiffs' counsel a draft in the amount

of $900.00 for attorneys' fees associated with the filing of the Motion to Enforce Settlement.


                                        BY THE COURT:


                                        _____
                                        Lynne A. Sitarski, M.J.

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

ALICE J. NEUEN and                No. 09-cv-5090-LAS
LAWRENCE L. NEUEN, h/w
         Plaintiffs

    v.

PRIMECARE MEDICAL, INC.,
PAULA DILLMAN-McGOWAN, CRNP, and
FAY OXENREIDER, LPN,
        Defendants

## PLAINTIFFS' MOTION TO ENFORCE SETTLEMENT AND FOR ATTORNEYS' FEES

Plaintiffs, Alice J. Neuen and Lawrence L. Neuen, through undersigned counsel, hereby move to enforce the settlement negotiated on April 28, 2011, and in support thereto aver as follows:

1.    On April 28, 2011, after Plaintiffs had rested their case before the jury, the parties reached a negotiated settlement of $850,000.00.  The Honorable Lynne A. Sitarski facilitated the negotiations and was present when the parties reached their agreement.

2.    At no time during the settlement negotiations was the subject of confidentiality discussed and defendants did not identify confidentiality as an essential or material term of the agreement when they offered to pay $850,000.00.

3.    Plaintiffs accepted the offer of $850,000.00 in exchange for the dismissal of all claims against PrimeCare Medical, Inc and its two nurse employees, and the jury was discharged.

4.    It was not until the next day that defense counsel first requested that the Release include a confidentiality provision.  See Letter of April 29, 2011, from Attorney Brenner, attached hereto as Exhibit "A".

5.    Undersigned counsel responded immediately in writing that "Confidentiality was never discussed during settlement negotiations and was certainly not a term or condition of our

settlement agreement. Your unilateral insertion of a confidentiality clause in the release is, therefore, unacceptable."  See Letter of April 29, 2011, from undersigned counsel to Attorney Brenner, attached hereto as Exhibit "B".

6.     On May 5, 2011, Attorney Brenner forwarded to undersigned counsel a Release that included a confidentiality clause. The Plaintiffs crossed out this paragraph and signed their names to confirm that they did not agree to confidentiality.  Undersigned counsel then returned the Release to Attorney Brenner with a cover letter dated May 24, 2011, in which I reminded Mr. Brenner: "As I explained in my letter of April 29, 2011, confidentiality was never discussed during settlement negotiations and was not a term or condition of the settlement agreement. Accordingly, my clients crossed-out the confidentiality language on Page 4 of the Release and signed their names below that redaction."  A copy of the signed release and the cover letter of May 24, 2011, are attached hereto as Exhibit "C".

7.     On June 9, 2011, Attorney Brenner wrote to undersigned counsel to advise that his clients "are unwilling to accept a Release without a confidentiality provision based upon the adverse business effects that we discussed." A copy of the Letter of June 9, 2011, from Attorney Brenner, is attached hereto as Exhibit "D".

8.     Undersigned counsel for the Plaintiffs has repeatedly advised Attorney Brenner by telephone that Mr. and Mrs. Neuen will not agree to the new term requiring confidentiality and that the agreement as previously negotiated is binding and enforceable.

9.     Undersigned counsel has devoted three hours to the preparation and filing of this motion and seeks attorneys' fees at a rate of $300/hour.

WHEREFORE, Plaintiffs respectfully request that this Honorable Court enter the proposed Order enforcing the settlement by requiring Defendants to tender to Plaintiffs' counsel within 10 days a settlement draft in the amount of $850,000.00 pursuant to the settlement agreement reached on April 28, 2011, and to tender to Plaintiffs' counsel a draft in the amount of $900.00 for attorneys' fees associated with the filing of the Motion to Enforce Settlement.

**FELDMAN, SHEPHERD, WOHLGELERNTER, TANNER, WEINSTOCK & DODIG LLP**

   /s/   Peter M. Newman
PETER M. NEWMAN, ESQUIRE
Attorney I.D. No. PA 66426
Validation of Signature Code PMN3499
1845 Walnut Street, 25th Floor
Philadelphia, PA 19103
215-567-8300

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

ALICE J. NEUEN and                                    No. 09-cv-5090-LAS
LAWRENCE L. NEUEN, h/w
        Plaintiffs
    v.

PRIMECARE MEDICAL, INC.,
PAULA DILLMAN-McGOWAN, CRNP, and
FAY OXENREIDER, LPN,
        Defendants

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFFS' MOTION TO ENFORCE SETTLEMENT
AND FOR ATTORNEYS' FEES**

## I.   INTRODUCTION

Plaintiffs move to enforce the settlement negotiated on April 28, 2011, because defendants have refused to tender the settlement proceeds unless and until Plaintiffs agree to confidentiality, which was never requested or discussed prior to consummation of the settlement and was not, therefore, a term or condition of the agreement reached between the parties.

## I.   STATEMENT OF FACTS

On April 28, 2011, after Plaintiffs had rested their case before the jury, the parties reached a negotiated settlement of $850,000.00.  The Honorable Lynne A. Sitarski facilitated the negotiations and was present when the parties reached their agreement.  At no time during the settlement negotiations was the subject of confidentiality discussed and defendants did not identify confidentiality as an essential or material term of the agreement when they offered to pay $850,000.00.   Plaintiffs accepted the offer of $850,000.00 in exchange for the dismissal of all claims against PrimeCare Medical, Inc and its two nurse employees, and the jury was discharged.

It was not until the next day that defense counsel requested that the Release include a confidentiality provision.  Undersigned counsel responded immediately in writing that

"Confidentiality was never discussed during settlement negotiations and was certainly not a term or condition of our settlement agreement. Your unilateral insertion of a confidentiality clause in the release is, therefore, unacceptable."  See Letter of April 29, 2011, Exhibit "B".

On May 5, 2011, Attorney Brenner forwarded to undersigned counsel a Release that included a confidentiality clause. The Plaintiffs crossed out this paragraph and signed their names to confirm that they did not agree to confidentiality.  Undersigned counsel then returned the Release to Attorney Brenner with a cover letter dated May 24, 2011, in which I reminded Mr. Brenner: "As I explained in my letter of April 29, 2011, confidentiality was never discussed during settlement negotiations and was not a term or condition of the settlement agreement. Accordingly, my clients crossed-out the confidentiality language on Page 4 of the Release and signed their names below that redaction."See signed Release and cover letter of May 24, 2011, Exhibit "C".  Two weeks later, on June 9, 2011, Attorney Brenner wrote to undersigned counsel to advise that his clients "are unwilling to accept a Release without a confidentiality provision based upon the adverse business affects that we discussed."

## III.   LEGAL ARGUMENT

### A.   The Settlement as Negotiated is Binding and Enforceable

Pennsylvania state and federal courts have routinely rejected attempts to add essential terms after settlement negotiations were complete.  *Mastroni-Mucker v. Allstate Ins. Co.* , 976 A.2d 510 (Pa.Super 2009)("The tender of a release in this case did not reopen the agreement or make its execution a condition to the settlement itself since the oral agreement had already been made between opposing counsel"). For example, in *Storms ex rel. Storms v. O'Malley*, 779 A.2d 548 (Pa.Super. 2001), the Superior Court rejected an attempt by a doctor defendant and his insurer to

make the settlement confidential because confidentiality was not part of the settlement agreement. The Court explained: "the lower court determined that a confidentiality clause was never discussed during settlement negotiations, and our review of the record reveals no evidence that settlement was ever conditioned upon the sealing of the record. Accordingly, the settlement is not void due the Storms' failure to agree to the confidentiality clause." *Id.* at 568. Accord: *Main Line Theatres, Inc. v. Paramount Film Distributing Corp.,* 298 F.2d 801 (3d Cir.1962), *cert. denied,* 370 U.S. 939, 82 S.Ct. 1585, 8 L.Ed.2d 807 (1962)(holding that authorized counsel for both sides entered into an agreement and were bound despite the absence of a formal writing laying out as much.); *McGinley v. Medina*, 1995 WL 361084 (E.D.Pa. 1995).

It is black letter law in Pennsylvania that "[a]n oral settlement agreement may be enforceable and legally binding without a writing.... Where parties have reached an oral agreement, the fact that they intend to reduce the agreement to writing does not prevent enforcement of the oral agreement." *Pulcinello v. Conrail,* 784 A.2d 122, 124 (Pa.Super.2001), *appeal denied,* 796 A.2d 984 (Pa. 2002); *Kazanjian v. New England Petroleum Corp.,* 332 Pa.Super. 1, 480 A.2d 1153, 1157 (1984); *Green v. John H. Lewis & Co.,* 436 F.2d 389, 390 (3d Cir.1970)(An agreement to settle a lawsuit, voluntarily entered into, is binding upon the parties, whether or not made in the presence of the court, and even in the absence of a writing.); *Ferranti International, PLC v. Jasin,* No. CIV.A. 98-CV-5412, 2000 WL 632994, at *6 (E.D.Pa., May 5, 2000) (Pennsylvania courts have held that oral settlement agreements may be enforceable without a written document.")

The settlement negotiated by and between counsel, with clients present in the court room, and in the presence of the presiding judge, is binding and enforceable. That oral settlement agreement did not include any agreement regarding confidentiality, which was never discussed

during settlement negotiations. Defendants' subsequent attempt to add this material term to the agreement is improper and must be rejected.

IV.    CONCLUSION

For the reasons set forth herein, Plaintiffs respectfully request that this Honorable Court enter the proposed order enforcing the settlement by requiring Defendants to tender to Plaintiffs' counsel within 10 days a settlement draft in the amount of $850,000.00 pursuant to the settlement agreement reached on April 28, 2011, and to tender to Plaintiffs' counsel a draft in the amount of $600.00 for attorneys' fees associated with the filing of the Motion to Enforce Settlement.

.

**FELDMAN, SHEPHERD, WOHLGELERNTER,
TANNER, WEINSTOCK & DODIG**

   /s/   Peter M. Newman
PETER M. NEWMAN
Attorney I.D. No. PA 66426
Validation of Signature Code PMN3499
1845 Walnut Street, 25th Floor
Philadelphia, PA 19103
215-567-8300

Date:   June 10, 2011

-4-

## <u>CERTIFICATE OF SERVICE</u>

I certify that on June 10, 2011, I electronically filed the foregoing Motion with the Clerk of

Court using the CM/ECF System which will send notification of such filing to all counsel of record.


                                               <u>    /s/   Peter M. Newman                    </u>
Date:   <u>June 10, 2011</u>                       Peter M. Newman, Esquire
                                               Attorney for Plaintiffs

# Exhibit "A"



## Goldberg
## Katzman
### A full-service law firm.

April 29, 2011

Arthur L. Goldberg
(1951-2000)

Harry B. Goldberg
(1961-1998)

Ronald M. Katzman
Paul J. Esposito
J. Jay Cooper
Thomas E. Brenner
April L. Strang-Kutay
Jerry J. Russo
Michael J. Crocenzi
Thomas J. Weber
Steven E. Grubb
Royce L. Morris
Joseph M. Sembrot
J. Ronaldo Legaspi
Jennifer L. Mundy
S. Baker Kensinger

COUNSEL
Joshua D. Lock
Arnold B. Kogan
Heather L. Paterno

*Via Email [pnewman@feldmanshepherd.com]*
Peter M. Newman, Esquire
*Feldman Shepard Wohlgelenter*
*Weinstock & Dodig*
1845 Walnut Street, 25th Floor
Philadelphia, PA 19103

    **RE:**    *Neuen v. PrimeCare Medical, Inc., et al.*
             *Our File No.:*  *71878-126*

Dear Peter:

    In follow-up to the settlement at the courthouse yesterday, I contacted the carrier who ran a data check and advises that Mrs. Neuen is listed as a Medicare recipient or potential recipient. The carrier requires a letter confirming there is no Medicare lien before they can issue the settlement check. Please obtain such a letter as soon as possible.

    I am drafting a Release which I will forward to you for review. As PrimeCare and its staff are involved with a potentially litigious population (the inmates at County jails) we request a confidentiality provision in the Release. I will include that language for your review.

    The insurance carrier also requires a W-9 Form to be on file. I enclose that form and would ask that you complete and fax to me so I may submit same.

                Very truly yours,

                Thomas E. Brenner

TEB/lsb

205984.1   HARRISBURG | LANCASTER | CARLISLE

320 Market Street, Strawberry Square | P.O. Box 1268 | Harrisburg, PA 17108-1268 | 717-234-4161 | 717-234-6808 (fax) | www.goldbergkatzman.com

# Exhibit "B"



**FELDMAN SHEPHERD**
Wohlgelernter Tanner Weinstock Dodig LLP

**TRIAL LAWYERS**

Carol Nelson Shepherd
†§ Ezra Wohlgelernter •Alan M. Feldman
• Mark W. Tanner
† Daniel S. Weinstock
•† John M. Dodig
Roberta D. Pichini
†§ Thomas More Marrone
†‡ Daniel J. Mann
Peter M. Newman
† Jason A. Daria
Thomas Martin
† Patricia M. Giordano
† Andrew K. Mitnick
† Edward S. Goldis
‡ Carolyn M. Chopko
•† Royce W. Smith
† Evan Y. Liu, M.D.

OF COUNSEL
• Joseph D. Sams
Barton A. Haines
Donald A. Krain

•Certified Civil Trial Advocate,
National Board of Trial Advocacy
• LL.M. in Trial Advocacy
‡Also Member NJ Bar
§Also Member TX Bar
§Also Member NY Bar
•Admitted in NJ only

E-Mail Address:
pnewman@feldmanshepherd.com

April 29, 2011

Thomas Brenner, Esquire
Goldberg Katzman PC
320 Market Street, Strawberry Square
P.O. Box 1268
Harrisburg, PA 17108-1268

Re:   **Neuen v. PrimeCare Medical, Inc., et al.**
      **USDC for the ED of PA, No. 09-cv-5090**

Dear Mr. Brenner:

I am in receipt of your letter of April 29, 2011, emailed to me this morning. Confidentiality was never discussed during settlement negotiations and was certainly not a term or condition of our settlement agreement. Your unilateral insertion of a confidentiality clause in the release is, therefore, unacceptable. The settlement as negotiated is for $850,000. If your clients wish to negotiate a separate agreement regarding confidentiality of the settlement, my clients will agree to confidentiality in exchange for consideration in the amount of $50,000.

With regard to Mrs. Neuen being "listed as a Medicare recipient or potential recipient," you are fully aware that Mrs. Neuen's medical bills were paid by the Central Pennsylvania Teamsters Health and Welfare Fund, and that Mrs. Neuen has agreed to satisfy the subrogation lien asserted by that Fund, as we discussed prior to settlement. None of her bills were paid by Medicare but, even if they had been, the Superior Court of Pennsylvania has specifically held that the Medicare Secondary Payer Act "prohibits private entities from asserting the interests of the United States government." Zaleppa v. Seiwell, 9 A.3d 632 (Pa.Super. 2010. The Zaleppa Court specifically held that an insurer may not withhold payment or place funds in escrow pending notification that no outstanding Medicare liens exist. In the event there is any refusal or delay by PrimeCare's insurance carrier in issuing the settlement check, we will ask Judge Sitarski to award additional interest, fees and costs.

The W-9 Form you have requested is attached. I look forward to receiving a proposed release early next week.

Very truly yours,

Peter M. Newman

PMN/ca
Enclosure

# Exhibit "C"

**FELDMAN SHEPHERD**
WOHLGELERNTER TANNER WEINSTOCK DODIG LLP

TRIAL LAWYERS

CAROL NELSON SHEPHERD
•ALAN M. FELDMAN
†§ EZRA WOHLGELERNTER
•MARK W. TANNER
† DANIEL S. WEINSTOCK
•† JOHN M. DODIG
ROBERTA D. PICHINI
†§ THOMAS MORE MARRONE
†† DANIEL J. MANN
PETER M. NEWMAN
† JASON A. DARIA
THOMAS MARTIN
† PATRICIA M. GIORDANO
† ANDREW K. MITNICK
† EDWARD S. GOLDIS
† CAROLYN M. CHOPKO
•† ROYCE W. SMITH
† EVAN Y. LIU, M.D.

OF COUNSEL
* JOSEPH D. SAMS
BARTON A. HAINES
DONALD A. KRAIN

•CERTIFIED CIVIL TRIAL ADVOCATE,
NATIONAL BOARD OF TRIAL ADVOCACY
• LL.M. IN TRIAL ADVOCACY
†ALSO MEMBER NJ BAR
‡ALSO MEMBER TX BAR
$ALSO MEMBER NY BAR
*ADMITTED IN NJ ONLY

E-Mail Address:
pnewman@feldmanshepherd.com

May 24, 2011

Thomas Brenner, Esquire
Goldberg Katzman PC
320 Market Street, Strawberry Square
P.O. Box 1268
Harrisburg, PA 17108-1268

    Re:    **Neuen v. PrimeCare Medical, Inc., et al.**
              **USDC for the ED of PA, No.  09-cv-5090**

Dear Mr. Brenner:

       I received today the Release signed by my clients, Alice J. Neuen and Lawrence L. Neuen, the original of which is enclosed herewith.  As I explained in my letter of April 29, 2011, confidentiality was never discussed during settlement negotiations and was not a term or condition of the settlement agreement.  Accordingly, my clients crossed-out the confidentiality language on Page 4 of the Release and signed their names below that redaction.

       With regard to the satisfaction of liens for medical expenses, I previously advised that Mrs. Neuen's medical bills were paid by the Central Pennsylvania's Health and Welfare Fund and that Mrs. Neuen is negotiating a settlement of the lien asserted by that fund.  Although we are unaware of any medical expense paid by Medicare, my clients have agreed to sign the Indemnification and Hold Harmless language included on Page 2 of the Release.  However, the paragraph that begins at the top of Page 3 and continues onto Page 4 of the Release, pertaining to a Medicare Set Aside Account is inappropriate and unacceptable and my clients have, therefore, redacted that paragraph. Nothing in the Medicare, Medicaid and SCHIP Extension Act of 2007 requires a Plaintiff in a civil rights action to establish, maintain or administer a Medicare Set Aside Account.  In fact, according to a recent Bulletin from The Centers for Medicare and Medicaid Services dated November 9, 2010, liability insurance carriers are not required to report settlements occurring prior to October 1, 2011. A copy of that Bulletin is enclosed.

       Please forward your clients' settlement draft without further delay.

                  Very truly yours,

                  Peter M. Newman

PMN/ca
Enclosure

## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALICE J. NEUEN and<br>LAWRENCE L. NEUEN, h/w,<br> Plaintiffs<br> v.<br>PRIMECARE MEDICAL, INC.,<br>PAULA DILLMAN-MCGOWAN,<br>CRNP, MILDRED KARANJA,<br>LPN, FAY OXENREIDER, LPN,<br>BERKS COUNTY, BERKS<br>COUNTY PRISON, and<br>SERGEANT J. FRANKLIN,<br> Defendants | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | CIVIL ACTION NO. 09-5090<br><br>Magistrate Judge Lynne Sitarski |

### RELEASE AGREEMENT

**KNOW ALL MEN BY THESE PRESENTS:**

That we, Alice J. Neuen and Lawrence L. Neuen, for the sole consideration of Eight Hundred and Fifty Thousand Dollars ($850,000.00 Dollars), to us in hand paid by PrimeCare Medical, Inc. Paula Dillman-McGowan, Fay Oxenreider, and National Fire and Marine Insurance Company, (hereinafter " PAYERS"), the receipt whereof is hereby acknowledged, have released and discharged, and by these presents do for myself, my heirs, executors, administrators, and assigns release and forever discharge the said Payers, their insurers and all other persons, firms and corporations, both known and unknown, of and from any and all claims, demands, damages, actions, causes of action, or suits at law or in equity, of whatsoever kind or nature, for or because of any matter or thing done, omitted or suffered to be done by anyone prior to and including the date hereof on account of all injuries to person and/or property resulting, or to result, from the the medical care of Alice J. Neuen at the Berks County Prison in 2008.

206086.1

We understand that said Payers, by reason of agreeing to this compromise payment, neither admit nor deny liability of any sort and said Payers have made no agreement or promise to do or omit to do any act or thing not herein set forth.  I further understand that this Release is made as a compromise to avoid expense and to terminate all controversy and/or claims for injuries or damages of whatsoever nature in any way growing out of or connected with the medical care during the incarceration of Alice J. Neuen at the Berks County Prison.

We admit that no representation of fact or opinion has been made by the said Payers or anyone on their behalf to induce this settlement and that the sum paid has been paid solely by way of compromise of a disputed claim arising from the medical care during the incarceration of Alice J. Neuen at Berks County Prison and it is therefore specifically agreed that this Release shall be a COMPLETE BAR to all claims or suits for injuries or damages of whatsoever nature resulting or to result from said incident.  This agreement does not waive or release but rather specifically preserves any claims that the Payers may have for indemnity against medical staff and their insurers.

As further consideration for this settlement, we recognize that liens including those for Medicare or the Teamsters Union have or may be asserted for medical expenses. We, through our attorney, will negotiate a resolve of any lien which we commit to satisfy from the settlement proceeds. We, therefore agree to indemnify and hold harmless the Payers, their insurers and attorneys from any claims made regarding any liens.  We agree should the Payers, their insurers or attorneys become parties to any claims or litigation involving liens that we will indemnify them for any attorney's fees or costs they are required to incur.

206086.1                                  - 2 -

The Releasor and their attorney, by evidence of their respective signatures to this Settlement Agreement, agree to establish, maintain and administer a Medicare Set Aside Account ("MSA"), provided that the Releasor is a Medicare beneficiary at the time of this settlement, and the total settlement including attorney's fees, costs, and conditional payments is $25,000 or greater or, Releasor has a reasonable expectation of Medicare enrollment within thirty (30) months of this settlement date and the total settlement is $250,000 or greater. The responsibility for determining whether the Releasor is, or has a reasonable expectation of becoming, a Medicare beneficiary lies solely with the Releasor and their attorney. This is a continuing responsibility. If such a determination is made, it shall be the sole responsibility of the Releasor and their attorney to ensure compliance with the applicable Medicare reimbursement requirements. The responsibility of determining the amount to be funded for the MSA lies solely with the Releasor and their attorney. It will also be in the discretion of the Releasor and their attorney to determine the method of funding the MSA, either through a single lump sum payment, or by an annuity (future medical expenses only). It will be the sole responsibility of the Releasor and their attorney to seek review and approval by the Centers for Medicare and Medicaid Services ("CMS") of the MSA in a timely manner. The Releasor and their attorney agree that the allocated funds for the MSA will be placed into an interest-bearing checking account and that the allocated funds only be used for medical treatment related to the Releasor's claim that would otherwise be covered by Medicare. Such allocated funds are specifically to be utilized for payments made by or liens imposed by Medicare, for past and future expenses provided to the Releasor or on the Releasor's behalf. The Releasor must also

Z06086.1                              - 3 -

maintain receipts for any treatment and costs associated with his treatment related to the alleged injury in the event of an audit. The Releasor acknowledges that such efforts in establishing, maintaining and administering the MSA are or will be undertaken by the Releasor and their attorney without the participation or consultation of Releasee. Should the Releasor refuse and/or fail to establish, maintain, and administer a MSA, as referenced above, the Releasor and their attorney agree to personally indemnify, defend and hold harmless the Releasee identified within this Settlement Agreement from any actual loss, damage or claim that occurs to the Releasee, as evidenced by their respective signatures to this Settlement Agreement.

We agree that the terms and conditions of this settlement and release, including but not limited to the monetary consideration for it, are to be kept strictly confidential and shall not be disclosed, made public, disseminated, released or otherwise referenced to any person other than the parties unless such disclosures are required by a Court of competent jurisdiction. Any dissemination or disclosure of such information, in violation of the spirit of this provision, shall be a material breach of the settlement agreement and release. The fact that the case has been settled may be disclosed.

206086.1

- 4 -

**IN WITNESS WHEREOF,** I have hereunto set our hands this _11_ day
of _May_, 2011.

In the presence of:

_____

By: _~Alice J. Neuen~_____
Alice J. Neuen

By: _~_____~_____
Lawrence L. Neuen

Address: _9661 Old Rt22_
_Bethel Pa 19507_

SWORN TO AND SUBSRIBED
THIS _____ DAY OF _____, 2011

_____
Notary Public

My Commission Expires:

206086.1                            - 5 -

# Exhibit "D"



## Goldberg Katzman

A full-service law firm.

June 9, 2011

Arthur L. Goldberg
(1951-2000)

Harry B. Goldberg
(1961-1998)

Ronald M. Katzman
Paul J. Esposito
J. Jay Cooper
Thomas E. Brenner
April L. Strang-Kutay
Jerry J. Russo
Michael J. Crocenzi
Thomas J. Weber
Steven E. Grubb
Royce L. Morris
Joseph M. Sembrot
J. Ronaldo Legaspi
Jennifer L. Ruth
S. Baker Kensinger

COUNSEL
Joshua D. Lock
Arnold B. Kogan
Heather L. Paterno

**_Via Email [pnewman@feldmanshepherd.com]_**
Peter M. Newman, Esquire
_Feldman Shepard Wohlgelenter_
_Weinstock & Dodig_
1845 Walnut Street, 25ᵗʰ Floor
Philadelphia, PA  19103

> **RE:   _Neuen v. PrimeCare Medical, Inc., et al._**
>        **_Our File No.:   71878-126_**

Dear Peter:

  I submitted your marked up Release to my clients.  They are unwilling to accept a Release without a confidentiality provision based upon the potential adverse business affects that we discussed.

  Please review the matter with your client and call me to discuss the inclusion of a confidentiality provision.

      Very truly yours,

      Thomas E. Brenner

TEB/lsb

{00515582;v1}  HARRISBURG | LANCASTER | CARLISLE

320 Market Street, Strawberry Square | P.O. Box 1268 | Harrisburg, PA 17108-1268 | 717-234-4161 | 717-234-6808 (fax) | www.goldbergkatzman.com