IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALICE J. NEUEN and | : | |
| LAWRENCE L. NEUEN, h/w | : | CIVIL ACTION |
|     Plaintiffs, | : | |
| v. | : | No.  09-cv-5090-LAS |
| | : | |
| PRIMECARE MEDICAL, INC., | : | |
| PAULA DILLMAN-McGOWAN, CRNP, | : | |
| and | : | |
| FAY OXENREIDER, LPN, | : | |
|     Defendants. | : | |

## ORDER

**AND NOW**, this  23rd  day of June, 2011, upon consideration of Plaintiffs' Motion to Enforce Settlement and for Attorneys' Fees (Docket No. 77), Defendants' Response in Opposition to Enforce Settlement (Docket No. 81), and Plaintiffs' Reply (Docket No. 83), it is hereby **ORDERED** that the motion is **GRANTED IN PART AND DENIED IN PART** as follows:

    1.    Plaintiffs' Motion to Enforce Settlement is **GRANTED.**[1]  Defendants shall,

---

[1] Settlement agreements are enforced according to principles of contract law.  "If all the material terms of the bargain are agreed upon, the agreement of settlement will be enforced." *Century Inn Inc. v. Century Inn Realty Inc.*, 358 Pa. Super. 53, 516 A.2d 765 (1986); *see also Green v. John H. Lewis & Co.*, 436 F.2d 389 (3d Cir. 1970). In Pennsylvania, confidentiality provisions have been held to be a material term in settlement agreements. *Denooyer v. Lehman Pike Dev. Corp.*, 32 Pa. D. & C.4th 351 (1996); *see e.g. Peterson v. Ratasiewicz*, 48 Pa. D. & C.4th 214, 221-222 (2000) (citing *Denooyer* for the proposition that confidentiality in an oral agreement is a material term that must be agreed upon to be enforced).

    Under Pennsylvania law, material terms cannot be added after settlement negotiations are complete. *Mastroni-Mucker v. Allstate Ins. Co.*, 976 A.2d 510 (Pa. Super. 2009).  This rule finds support in other jurisdictions. *See e.g., Platcher v. Health Professionals, Ltd.*, 549 F. Supp. 2d 1040 ("Confidentiality needed to at least be discussed during negotiations before settlement amount was agreed upon if it was to be a material term in the contract"); *Meek & Assocs., Inc. v. First Union Ins. Group*, 2002 WL 1998204 (D. Kan. Aug. 6, 2002) ("Neither the law nor

within 15 days, tender to Plaintiffs' counsel a settlement draft in the amount of

$850,000.00 pursuant to the settlement agreement reached on April 28, 2011.

2.     Plaintiffs' Motion for Attorney's Fees is **DENIED.**

BY THE COURT:

/s/ Lynne A. Sitarski
LYNNE A. SITARSKI
UNITED STATES MAGISTRATE JUDGE

---

common practice support a finding that confidentiality is understood by the parties to be included in an agreement if the parties have not discussed the issue").

     Thus, since confidentiality is a material term, it must be agreed upon in negotiations prior to a settlement agreement being reached. *See Wolf v. Consolidated Rail Corp*, 840 A.2d 1004 (Pa. Super Ct. 2003) (once a settlement agreement is reached as to amount and all material terms, a court cannot compel a party to sign a release that contains terms not bargained for); *Storms ex rel. Storms v O'Malley*, 779 A.2d 548 (Pa.Super. 2001) (holding that the settlement was enforceable even though the plaintiffs did not agree to confidentiality because confidentiality was never discussed during negotiations and there was no evidence that settlement was ever conditioned upon the sealing of the record).

     Here, a settlement agreement was reached on April 28, 2011 when the parties agreed to settle the case for $850,000.00. At no point during the settlement negotiations was confidentiality discussed or made a condition of payment. Thus, Defendants' attempt to add an un-bargained for confidentiality provision after a valid and enforceable oral settlement agreement has been reached must be rejected. *See Wolf v. Consolidated Rail Corp., supra.*

     Accordingly, I will grant the Plaintiffs' Motion to Enforce Settlement. However, attorney's fees are in the court's discretion and I will deny the Plaintiffs' Motion for Attorney's Fees. *John T. v. Del. County Intermediate Unit,* 318 F.3d 545, 558 (3d Cir.2003).